UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JORGE ALBERTO VILLATORO

                Petitioner,

  - against-

KRISTI NOEM, *in her capacity as Secretary for the United States Department of Homeland Security*; FRANCIS RUSSO, *Acting Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity*; PAMELA BONDI, *in her official capacity as the Attorney General of the United States*,

                Respondents.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-05306 (OEM)

ORELIA E. MERCHANT, United States District Judge:

      Petitioner Jorge Alberto Villatoro ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his ongoing detention by Immigration and Customs Enforcement ("ICE"). *See* Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Pet."), Dkt. 1. Petitioner contends that on September 22, 2025, ICE unlawfully arrested and detained him at the United States Citizenship and Immigration Services ("USCIS") office in Hauppauge, New York. Petitioner challenges his detention as a violation of the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA") and its implementing regulations. *Id.* Petitioner seeks immediate release from custody and for the Court to stay his removal pending the adjudication of his application for T Nonimmigrant ("T Visa") Status. For the following reasons, Petitioner's petition for a writ of habeas corpus is denied.

1

## BACKGROUND

Petitioner is a native and citizen of El Salvador who fled his home country in May 2005. Pet. ¶¶ 13, 14.

He entered the United States without inspection on or about May 29, 2005. *Id.* ¶ 13. United States Border Patrol ("USBP") encountered Petitioner near the Roma, Texas, port of entry and transported him for processing by the Rio Grande City Border Patrol. Declaration of Supervisory Detention and Deportation Officer Khristopher Dawson ("Dawson Decl.") ¶ 4, Dkt. 10. Petitioner was not admitted or paroled into the United States upon inspection, and USBP served him with a Notice to Appear charging him with removability under INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i). Dawson Decl. ¶ 5; Notice to Appear ("NTA"), Dkt. 10, Ex. A. Petitioner provided USBP with a North Carolina address and was ordered to appear for removal proceedings on July 26, 2005, in Atlanta, Georgia. NTA at 1. The Notice to Appear warned that failure to attend the hearing may result in the issuance of a removal order in his absence. *Id*.

Petitioner failed to appear in Immigration Court on July 26, 2005. Dawson Decl. ¶ 7. The Immigration Judge ("IJ") ordered Petitioner removed *in absentia*. Pet. ¶ 1. Removal orders issued *in absentia* become final immediately upon entry. *See* 8 C.F.R. § 1241.1(e). ICE issued a warrant for Petitioner's removal and deportation on April 24, 2006. Dawson Decl. ¶ 8.

Petitioner has since remained in the United States. Pet. ¶ 16. He married in 2016 and fathered two children, both of whom are American citizens. *Id*.

Petitioner filed an application for a T Visa on March 31, 2025. *Id.* T Visa status allows noncitizen victims of human trafficking to temporarily remain in the United States and provides a pathway to permanent residency.[1] *Id*. ¶ 17. In support of his application, Petitioner alleges he was

---

[1] "T nonimmigrant status is a temporary immigration benefit. It enables certain victims of a severe form of trafficking in persons to remain in the United States for an initial period of up to 4 years if they complied with any reasonable

2

subject to involuntary servitude while working at a PG Steakhouse in Huntington, New York, from 2007 to 2019. Petitioner's T Visa Application ("T Visa App."), Dkt. 1-3.

On September 22, 2025, Petitioner appeared at the direction of USCIS to provide biometrics in support of his T Visa application. *Id.* ¶ 1. While at this appearance, Petitioner was arrested and detained by ICE to effectuate the 2005 order of removal. *Id.* Petitioner remains in ICE custody. Dawson Decl. ¶ 13.

## PROCEDURAL HISTORY

On September 22, 2025, Petitioner commenced this action by filing a petition for a writ of habeas corpus, stating that his continued detention violates the Fifth Amendment's Due Process Clause, the APA, and the INA. He supported his petition with various exhibits.

On September 23, 2025, the case was assigned to the undersigned.

On September 24, 2025, the Court issued an Order to Show Cause ("OSC") why this writ of habeas corpus should not be granted. The Court's Order directed Petitioner to serve a copy of the OSC and the Petition on Respondents by September 25, 2025, directed Respondents to file a response by September 28, 2025, and set a hearing for October 2, 2025. The Court also directed that Petitioner not be removed from the United States until further order of the Court.

On September 25, 2025, with the consent of Respondents, Petitioner requested that the hearing be adjourned to October 3, 2025. The Court granted the request and rescheduled the hearing to October 3, 2025. On September 28, 2025, Respondents filed a response and supplemented their response with two declarations and attached exhibits.

The Court held a hearing on the OSC on October 3, 2025, at 11:00 a.m.

---

request for assistance from law enforcement in the detection, investigation, or prosecution of human trafficking or qualify for an exemption or exception. . . . T nonimmigrants who qualify may also be able to adjust their status and become lawful permanent residents (get a Green Card)." *Victims of Human Trafficking: T Nonimmigrant Status*, USCIS (May 16, 2025), https://www.uscis.gov/humanitarian/victims-of-human-trafficking-t-nonimmigrant-status.

## DISCUSSION

Petitioner argues that his detention and the effectuation of the removal order are unlawful due to his pending T Visa application. *See generally* Pet. Additionally, Petitioner contends that his removal period expired on October 24, 2005. *Id.*

The parties do not contest that federal courts have jurisdiction to review habeas petitions by noncitizen detainees who assert that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, Respondents argue that federal district courts are statutorily precluded from exercising subject matter jurisdiction over actions that even indirectly challenge an order of removal. Respondents' Memorandum of Law in Opposition to the Verified Petition for a Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief ("Resp.") at 6-12, Dkt. 9.

As amended by the REAL ID Act of 2005, 8 U.S.C. § 1252 ("Section 1252") strips federal district courts of jurisdiction over habeas corpus petitions that challenge final orders of removal. *De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007). Section 1252(a)(5) provides that "[n]otwithstanding any other provision of the law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." Additionally, "[j]udicial review of all questions of law and fact . . . arising from any action taken under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction under section 2241 of Title 28 or any other habeas corpus provision, by section 1361

4

and 1651 of such title, or by any other provision of the law (statutory or nonstatutory), to review such order or question of law or fact." *Id.* § 1252(b)(9).

The plain language of Section 1252 precludes district courts from exercising jurisdiction over direct challenges to removal orders. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). The Second Circuit has interpreted the statute even more expansively, holding that "section 1252(a)(5)'s jurisdictional bar applies equally to preclude such an indirect challenge." *Id*. In *Delgado*, the noncitizen Plaintiff-Appellant brought a mandamus action to compel USCIS to adjudicate the merits of her Form I-212 for permission to reapply for admission after deportation or removal. *Id.* at 53-54. Plaintiff-Appellant submitted her I-212 request after having been removed pursuant to an expedited order of removal and subsequently reentering the country. *Id*. at 53. The Second Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction, noting that the Plaintiff-Appellant's desired relief of an adjudication of her I-212 application indirectly challenged her removal order and was thus jurisdictionally barred. *Id*. at 55. Whether a district court has jurisdiction over a suit brought against immigration authorities "will turn on the substance of the relief the Plaintiff is seeking." *Id*. at 56.

Consistent with *Delgado*, district courts in this circuit routinely hold that they lack jurisdiction to stay orders of removal. *See e.g., Lin v. Borgen*, 25-CV-5618 (MMG), 2025 WL 2158874, at *4 (S.D.N.Y. July 30, 2025) ("Petitioner's request to release him from his current detention and stay his removal is, in sum and substance, a challenge to his final order of removal . . . . This Court cannot entertain the Petition under the plain language of § 1252."); *Oriakhi v. Dep't of Homeland Sec.*, 762 F. Supp. 3d 183, 186 (E.D.N.Y. Jan. 8, 2025) (dismissing as jurisdictionally barred a habeas petition seeking a stay of removal), *appeal pending*, No. 25-243 (2d Cir.); *Joseph v. U.S. Attorney General*, 17-CV-5008 (PKC), 2017 WL 6001776, at *1 (E.D.N.Y.

Dec. 4, 2017); ("Since District Courts cannot review removal orders, they also cannot consider requests for stays of removal."); *Noor v. Homan*, 17-CV-1558 (WFK), 2018 WL 1313233, at *3 (E.D.N.Y. Feb. 27, 2018) ("Regarding Plaintiff's request for stay of removal, '[d]istrict courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal.'" (alteration in original) (quoting *Vasquez v. United States*, 15-CV-3946, 2015 WL 4619805, at *3 (S.D.N.Y. Aug. 3, 2015))).

Here, Petitioner seeks a stay of removal under the INA and APA, arguing that he has "a statutory and regulatory right for USCIS to adjudicate his T Visa application." Pet. ¶ 57. In asserting this right, Petitioner is indirectly challenging his removal order and therefore triggers the Section 1252 jurisdictional bar. *See Delgado*, 643 F.3d at 55 (forcing an adjudication on the merits for immigration relief indirectly challenges an order of removal); *Singh v. USCIS*, 878 F.3d 441, 445 (2d Cir. 2017) ("Because [Petitioner's] APA challenge is an 'indirect' challenge to his removal order, it falls under Section 1252(a)(5)'s limitation.").

Petitioner also contends that a stay of removal is warranted to protect his Fifth Amendment right to due process. Pet. ¶ 63. The Court again declines to address the merits of this claim, as Section 1252(a)(5) "removes jurisdiction from the district courts over any challenge [to] the denial of an application for status adjustment of a party who is already subject to a removal order, if the relief requested would invalidate the order." *Freire v. U.S. Dep't of Homeland Sec.*, 711 F. App'x 58, 59 (2d Cir. 2018) (summary order). *See also Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 226 (S.D.N.Y. 2019) (dismissing for lack of jurisdiction Plaintiff's "assertions that the challenged *in absentia* removal orders were issued in violation of a statute and/or the Constitution"); *Oriakhi*, F. Supp. 3d at 186 ("Regardless of [Petitioner's] factual assertions and

legal arguments, this Court cannot adjudicate his claims because it does not have jurisdiction over any challenge to a removal order that has not been disturbed.").

Finally, Petitioner contends that he should be released because "the removal period ended on October 24, 2005." Pet. at 16. This is a direct attack on the validity of the removal order, and the plain text of Section 1252 precludes this Court's jurisdiction to grant such relief. 8 U.S.C. § 1252(a)(5) ("[T]he appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.").

## CONCLUSION

For the foregoing reasons, Petitioner's Verified Petition for a Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief is denied. The Clerk of Court is respectfully directed to enter judgment in accordance with this Memorandum and Order and close this case.

SO ORDERED.

                                                                            /s/
                                               ORELIA E. MERCHANT
                                               United States District Judge

October 9, 2025
Brooklyn, New York